**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

Lyle W. Cayce
Clerk

No. 11-11039
Summary Calendar

JERRY LEE THOMPSON,

Petitioner-Appellant,

v.

ERIC H. HOLDER, JR., U.S. Attorney General; KAREN EDENFIELD, Warden,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(11-CV-90)

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jerry Lee Thompson, federal prisoner # 22869-077, moves for leave to proceed in forma pauperis (IFP) following the dismissal of his habeas corpus petition pursuant to 28 U.S.C. § 2241, which the district court construed as a successive and unauthorized motion for relief under 28 U.S.C. § 2255. The district court denied IFP status, and we review for abuse of discretion. *Roden v. State of Texas*, 58 F.3d 636 (5th Cir. 1995) (unpublished).

To proceed, Thompson must show that he is a pauper who will raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issues on appeal. *Id.* at 637. To show he is a pauper, Thompson must prove that he cannot afford to pay the $455 filing fee without suffering undue hardship. *Id.* Thompson has around $600 in the bank and receives $35 per month. He owes $2000 in taxes on his home, which is subject to seizure.

Given the taxes he owes on his home and that paying $455 would deplete roughly 75% of his savings, it is arguable that imposing the filing fee would leave him with so few assets as to impose undue hardship. *See Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981) (district court abused its discretion by requiring prisoner to pay 40% of his assets). Though his small income partially offsets the enormous drain on his savings, he would need to save every penny for fifteen months to recoup the costs. None of our past precedents involved 75% of a prisoner's savings, a very low monthly income, a large court filing fee, and a debt in excess of his stated home value.

Nevertheless, in order to be granted IFP status, Thompson must also show that he will raise nonfrivolous issues on appeal. An issue is frivolous if it lacks an arguable basis in law. *Roden*, 58 F.3d at 636. Thompson argues that 1) § 2255 violates the Suspension Clause, 2) the Controlled Substances Act (CSA) does not apply in Texas because "Texas does not belong to the United States and is not a place subject to the jurisdiction of the United States," 3) the CSA violates the Tenth Amendment because it prohibits purely intrastate commerce, and 4) 21 U.S.C. § 841 does not illegalize possession or distribution of less than one gram of crack cocaine.

Thompson's claims are frivolous. First, the district court properly construed his petition as a § 2255 motion and § 2255 does not violate the Suspension Clause. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). Second, Texas is subject to the jurisdiction of the United

States for purposes of the CSA and the CSA does not violate the Tenth Amendment. *Gonzalez v. Raich*, 545 U.S. 1, 29 (2005) ("state action cannot circumscribe Congress' plenary commerce power"); *Texas v. White*,  74 U.S. 700 (1868) (holding Texas does belong to the United States and rejecting Texas' attempt to leave). Finally, the plain language of the CSA permits prosecution for less than one gram of crack cocaine.

IFP DENIED; APPEAL DISMISSED.  *See* 5TH CIR. R. 42.2.